**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-01386 JLK CBS

**F.E.A., INC.,**

    Plaintiff,

vs.

**JOHN DOES 1-100, JANE DOES 1-100,
and XYZ COMPANY,**

    Defendants.

---

**AMENDED PRELIMINARY INJUNCTION
AND SEIZURE ORDER**

---

Plaintiff F.E.A., Inc. ("Plaintiff") having moved for an Amended Preliminary Injunction and Seizure Order enjoining and restraining the defendants from manufacturing, selling or distributing merchandise and seizing the same, bearing the federally registered trademarks, servicemarks, logos, and/or likenesses of the musical group the **"JONAS BORTHERS"** or that of any individual member or their group, namely "**JOE JONAS," "KEVIN JONAS," "NICK JONAS"** or **"NICK JONAS AND THE ADMINISTRATION"** (collectively the "Artists") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Artists' concerts which have previously occurred; and Plaintiff's motion having been reviewed by the Honorable Judge John L. Kane at the United States Courthouse for the District of Colorado;

Now, on presentation and consideration of Plaintiff's Motion for an Amended Preliminary Injunction and Seizure Order, and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1. By reason of the substantial and continuous use of the trademarks, servicemarks, likenesses, or logos of the Artists in connection with their work as musical performers, said marks have acquired meanings identified with the Artists and with products and services associated with them;

2. The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Artists' trademarks, servicemarks, likenesses, or logos owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, likenesses, and logos of the Artists at or near the sites of the Artists' concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3. The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Artists with respect to such goods;

4.      Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5.      Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order to Show Re: Preliminary Injunction and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED**, that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the trademarks, servicemarks, likenesses, and logos of the Artists, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, likenesses, and logos of the Artists; or

( c)    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein.

**IT IS FURTHER ORDERED**, that the U.S. Marshal for this district or for any district in which Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy sheriffs or off-duty officers of the same, or Tyler Zeigler and any person acting under their supervision (collectively "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized merchandise bearing

any or all of the trademarks, servicemarks, likenesses, and logos of the Artists, namely the **JONAS BROTHERS, JOE JONAS, KEVIN JONAS, or NICK JONAS, NICK JONAS AND THE ADMINISTRATION,** or any colorable imitations or variations thereof, or associated marks which defendants or their agents, employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Artists' concerts from ten (10) hours before to six (6) hours after any performance of the Artists within a twenty (20) mile vicinity of the halls, stadiums or arenas at which the Artists shall be performing or elsewhere where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag, vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry, photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks, likenesses, and logos of the Artists, or any colorable imitations or variations thereof, sold and held for sale in the vicinity of the arenas or other venues at which the Artists shall be performing, or elsewhere where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be merchandise subject to the seizure provisions of this Order.

**IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons and Complaint, be made upon defendants by the Process Servers at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

**IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify the defendant.

**IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from whom goods are seized.

**IT IS FURTHER ORDERED,** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

**IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this matter.

**IT IS FURTHER ORDERED,** that the bond heretofore deposited with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby continued until final disposition of this matter.

**IT IS SO ORDERED.**

Dated: December 18, 2009        *s/John L. Kane*
                                HONORABLE JOHN L. KANE
At: 1:33 p.m.                   UNITED STATES DISTRICT COURT JUDGE

Respectfully Submitted
____s/ Cara R. Burns
CARA R. BURNS, Hicks, Mims, Kaplan & Burns
3250 Ocean Park Blvd, Ste 350
Santa Monica, California 90405
Tel: (310) 314-1721/ fax: (310) 314-1725
E-mail: cburns@hmkblawyers.com
Attorney for Plaintiff